## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 21 2016, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin J. Spence, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 21, 2016 <br><br> Court of Appeals Case No. 84A01-1509-CR-1414 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause No. 84D01-1501-F4-267 |

**Bradford, Judge.**

## Case Summary

Part of a group that calls itself "The Squad" (Appellant's App. 8), Defendant-Appellant Dustin Spence drove two friends to a residence, knowing they

intended to commit theft therein. Appellee-Plaintiff the State of Indiana ("the State") charged Spence with burglary and theft. Pursuant to a plea agreement, Spence pled guilty to burglary in exchange for dismissal of the theft and gang enhancement charges. The trial court sentenced Spence to six years of incarceration. Spence argues that his sentence is inappropriate because his role in the burglary was minor and his character evinces rehabilitation. Because Spence has failed to establish his sentence was inappropriate, we affirm.

# Facts and Procedural History

[1] Spence, Matt Hensley, and Steven Perry were part of a group who called themselves the "The Squad." Appellant's App. p. 8. On January 5, 2015, Spence drove Hensley and Perry to the residence of Veronica Kraemer and Dustin Nally in Terre Haute, Vigo County. Spence knew that Hensley and Perry entered the residence with intent to commit theft, though Spence did not enter the residence himself.

[2] On January 29th, the State charged Spence with burglary and theft of Kraemer and Nally's two video-gaming systems, video games, and a fifty-two-inch flat-screen television. Under his plea agreement, Spence agreed to plead guilty to Level 4 felony burglary in return for dismissal of the theft and gang enhancement charges. Spence's plea agreement capped his sentence at six years.

[3] At sentencing, the trial court found Spence's criminal history exemplifies a "typical escalation" and no evidence that his criminal activity is nonrecurring. Tr. p. 26. Accordingly, the trial court sentenced Spence to six years: four to be executed as a direct commitment to In-Home Detention and the other two suspended to formal probation. Spence contends that given certain mitigating circumstances, his sentence was inappropriate.

## Discussion and Decision

## Appropriateness of Sentence

[4] This court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The defendant has the burden of persuading this court that his sentence is inappropriate. *See Hollar v. State*, 916 N.E.2d 741, 743 (Ind. Ct. App. 2009) (citing *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007)). Furthermore, when considering an inappropriateness challenge, "[w]e must exercise great restraint in reviewing and revising sentences and recognize the special expertise of the trial bench in making sentencing decisions." *Wells v. State*, 836 N.E.2d 475, 480 (Ind. Ct. App. 2005).

[5] As to the nature of the offense, Spence argues that his role in the burglary was minor compared to Hensley and Perry's roles. Spence emphasizes that he did not participate in the actual burglary itself but merely drove Hensley and Perry to the victim's house. However, a person who assists in a crime is nevertheless

equally culpable as those who committed the crime, Ind. Code 35-41-2-4, as Spence acknowledged. Moreover, no authority requires that co-participants receive proportional sentencing. *Lopez v. State*, 527 N.E.2d 1119, 1133 (Ind. 1988).

[6] As to his character, Spence argues that his voluntary life changes should be acknowledged as a reflection on his character and justify a reduction in his sentence. Specifically, Spence claims he has broken ties with Hensley and Perry, become employed, attempted to enroll in school, and complied with all the conditions imposed upon him while on pretrial home detention. Notwithstanding these life changes, we find that several other circumstances outweigh them.

[7] Defendants' criminal records can be relevant in determining their character, revealing whether they are deterred from committing future offenses. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). Even a minor criminal record can be relevant in assessing character. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Whether prior offenses are significant depend on "the gravity, nature and number of prior offenses as they relate to the current offense." *Wooley v. State,* 716 N.E.2d 919, 929 n.4 (Ind. 1999).

[8] From 2010 to 2013, Spence committed six offenses, four of which were felony property crimes. Specifically, one of those four was for burglary. We agree with the trial court that Spence's criminal record indicates "typical escalation," tr. p. 26, given that these past offenses are similar to the current offense and that

Spence has not been deterred by his prior contacts with the criminal justice system.

[9] Additionally, Spence argues that his guilty plea should be taken into consideration as a reflection of character because his plea shows that he has accepted responsibility and it saves the State time and expenses by foregoing trial. First, after review of the probable cause affidavit in Spence's case, the State clearly had substantial evidence of Spence's guilt. Second, Spence received substantial benefit from his plea agreement. The maximum sentence for a Level 4 felony is twelve years and Spence's sentence was capped at six. Ind. Code § 35-50-2-5.5. The State also agreed to drop the theft and gang enhancement charges against Spence. Spence was not ordered to serve any of his six-year sentence in the Department of Correction; instead, he was allowed to execute four of those years on In-Home Detention and the other two were suspended to formal probation.

[10] Defendant has failed to persuade us that his sentence was inappropriate. The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.